■ In the Matter of the Claim of NICHOLAS CARUSO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent—Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board which affirmed the Referee's finding that claimant's refusal to obey orders which provoked his discharge was unjustified and thus constituted a voluntary leaving of employment without good cause disqualifying claimant from benefits (Unemployment Insurance Law, § 593, subd. 1, par. [a] [Labor Law, art. 18]). On April 17, 1961 claimant, a stowman, was directed by his foreman to load some bales weighing from 200 to 300 pounds into a box car with two other men. Claimant requested the assistance of another experienced man and when the foreman declined to assign another man to the job claimant refused to lift the bales. When claimant persisted in his refusal to carry out the order of the foreman he was discharged by the terminal supervisor. A hearing was subsequently held with a representative of claimant's union at which the dismissal was upheld. Claimant first explained his refusal to carry out the order on the grounds that he was afraid that he would get hurt due to the fact that the two "boys" with whom he was assigned to load the bales were inexperienced. Later before the Referee, however, he testified he suffered from epilepsy, about which he stated he had not informed his employer for fear of discharge or the Unemployment Insurance Interviewer because he feared it would prejudice his chance to get other employment, and that, in fact, he had had an "attack" just prior to the incident here involved which left him in such a weakened condition that he feared if he attempted to stow the heavy bales his fellow employees might be injured. Claimant testified he tried to tell the terminal supervisor he was sick but was not given the opportunity. The terminal supervisor stated claimant did not tell him he was sick nor did he appear sick. There is no indication that claimant received medical treatment for his "attack" or for his alleged general condition. On the basis of this evidence the Referee after finding that claimant was physically able to do the work in question determined that

claimant was correctly disqualified from benefits for voluntarily leaving his employment without good cause in that his refusal to carry out instructions after being told his refusal to do so would bring about his discharge provoked his discharge and the board affirmed. An employee who without good cause refuses to work and thus provokes his discharge is considered to have voluntarily left employment and is not entitled to unemployment benefits (*Matter of Karman [Lubin]*, 2 A D 2d 626, see *Matter of Rodrigues [Catherwood]* 16 A D 2d 1003). The question of whether " good cause" exists is one of fact (*Matter of Karman, supra*, p. 627) especially where as here it depends on whether claimant was physically able to work. The instant record contains substantial evidence to support the board's determination on this question. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.